**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLIONOIS

SEP 15 2020

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

JONATHAN BURRS,

          Plaintiff. Pro Se

             v.

SEYFARTH SHAW, LLP;
CARRIER GLOBAL CORPORATION;
WALTER KIDDE PORTABLE
EQUIPTMENTS, INC.;
CATHERINE C. EAGLES (individually
  and as U.S. District Court Judge for the
  Middle District of North Carolina);
LAWRENCE P. AULD (individually and
  as U.S. District Court Magistrate Judge)
  for the Middle District of North Carolina);
JOHN DOE.

          Defendants.

Civil Action No: 20-cv-936-MAB

COMPLAINT

JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is a case brought pursuant to the provisions of the Civil Rights Act of 1871,

42 U.S.C §1983, and 42 U.S.C §1985 to correct unlawful deprivation of rights and

conspiracy to interfere with rights, fraud on the court, intentional infliction of emotional

distress leading to multiple violations of Plaintiff Jonathan Burrs (hereinafter "Mr. Burrs"

or "Plaintiff") protected rights to due process under the Fifth, Seventh, and Fourteenth

Amendments to the United States Constitution, obstruction of justice, perjury, United

States mail theft, accessory to United States mail theft, conspiracy, and conspiracy to

interfere with the judicial process in the United States District Court for the Middle District of North Carolina in *Burrs v. United Technologies*, Case No. 1:18-CV-491-CCE-LPA (hereinafter *"Burrs v. UTC-Kidde"*).  The Plaintiff who has been adversely affected by deprivation of rights, conspiracy against rights, intentional infliction of emotional distress, ongoing denial of Constitutional Due Process rights under the Fifth, Seventh, and Fourteenth Amendments.   Specifically, the Defendants participated in civil proceedings with predetermined outcomes using a smorgasbord of tactics outside the limitations of the United States Constitution.   Furthermore, the "clear absence of all jurisdiction over the subject-matter," is explicitly demonstrated when U.S. District Court Judge Eagles actively participated in the United States Mail Theft of the Plaintiff's Opposition to a Motion before the Court in *Burrs v. UTC-Kidde*, then misrepresented her own previous Order manufacturing a narrative inconsistent with the record to cover up for the stolen court filing by the Plaintiff, subsequently implicating herself and co-defendants in a multitude of federal crimes and forfeiting any privileges of immunity generally afforded to judges when acting within the limits of the constitution.[1]  This Complaint is also redressable pursuant to Bivens v. Six Unknown Narcotics Agents 403 U.S. 388 (1972).

## JURISDICTION AND VENUE

---

[1] Brandley v. Fisher, 80 U.S. 335, 351 (1872) A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter," with judges subject to liability only in the latter instance.
https:/www.law.cornell.edu constitution-conan/article-3 section-1 judicial-immunity-from-suit#fn176art3

2

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

2.  This action is authorized and instituted pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1985.

3.  The actions, deprivation of rights, obstruction of justice, and conspiracy to interfere with rights commenced within the jurisdiction of the United States District Court for the Southern District of Illinois.

4.  Venue in this district is proper pursuant to 28 U.S.C. § 1391(b).

PARTIES

5.  Plaintiff, Jonathan Burrs, is a former employee of Walter Kidde Portable Equipment, Inc. (hereinafter "*Kidde*") and the Plaintiff in three civil actions against Defendant-Kidde.  Mr. Burrs' address is P.O. Box 134, Westover, MD 21871.

Defendant-Seyfarth Shaw, LLP

6.  Defendant-Seyfarth Shaw, LLP (hereinafter "*Seyfarth*") is an international law firm registered to conduct business in the State of Illinois.  Defendant-Seyfarth represented Defendant-Kidde in a Sarbanes-Oxley Act (hereinafter "*SOX*") whistleblower investigation conducted by the United States Department of Labor Occupational Safety and Health Administration (hereinafter "*OSHA*") and three civil actions in the United States District Court for the Middle District of North Carolina.  Defendant-Seyfarth's place of business in Illinois is 233 South Wacker Drive, Suite 8000, Chicago, Illinois 60606-6448.

Defendant-Carrier Global Corporation

3

7. Defendant-Carrier Global Corporation (hereinafter "*Carrier*") is the parent company of Defendant-Kidde. Defendant-Carrier's place of business in Florida is 13995 Pasteur BLVD., Palm Beach Gardens, Florida 33418.

Defendant-Kidde

8. Defendant-Kidde is a subsidiary of Defendant-Carrier and the former employer of the Plaintiff. Defendant-Kidde's place of business in North Carolina is 1016 Corporate Drive, Mebane, North Carolina 27302.

Defendant-Catherine C. Eagles

9. Defendant-Catherine C. Eagles (hereinafter "*Eagles*") is a District Court Judge in the United States Court for the Middle District of North Carolina. Defendant-Eagles's place of business in North Carolina is 324 W. Market Street, Greensboro, North Carolina 27401.

Defendant-Lawrence P. Auld

10. Defendant-Lawrence P. Auld (hereinafter "*Auld*") is a District Court Magistrate Judge in the United States Court for the Middle District of North Carolina. Defendant-Auld's place of business in North Carolina is 324 W. Market Street, Greensboro, North Carolina 27401.

Defendant-John Doe

11. Defendant-John Doe (hereinafter "*Doe*") is an employee in the United States Court for the Middle District of North Carolina. Defendant-Doe's place of business in North Carolina is 324 W. Market Street, Greensboro, North Carolina 27401.

12. Between the dates of January 2015 to November 2018, Plaintiff was engaged in employment disputes including litigation with Defendant-Kidde, a subsidiary of Defendant-Carrier, represented by Defendant-Seyfarth in the United States District Court for the Middle District of North Carolina, Defendant-Eagles the presiding Judge, Defendant-Auld the Magistrate Judge; the causes of action herein arose during this time period with the most recent alleged illegal conduct occurring on November 2, 2018 by Defendant-Eagles.

## FACTS RELATING TO THE PATTERN OF DEPRIVATION OF RIGHTS AND CONSPIRACY TO INTERFERE WITH RIGHTS

13. Between May 2014 and November 2015 Plaintiff was employed with Defendant-Kidde in Mebane, North Carolina. Defendant-Kidde hired the Plaintiff after conducting a national search for a unique resource matching the Plaintiff's information technology and business analysis background.

14. During his employment with Defendant-Kidde, the Plaintiff identified a multitude of application defects impacting Defendant-Kidde's daily business operations, significant avoidable financial loss, unreported fraud, and unreported application vulnerability to fraud as required by the United States Security and Exchange Commission (hereinafter "*SEC*") for publicly traded companies.

15. During Plaintiff's employment with Defendant-Kidde, he participated in protected activities under the Sarbanes-Oxley Act (hereinafter "*SOX*") and the Civil Rights Act of 1964.

16. Defendant-Kidde subjected the Plaintiff to a hostile work environment and extensive intentional emotional distress in retaliation to his participation in protected activities under SOX and the Civil Rights Act of 1964 until his employment was conditionally discharged November 2015.

17. On or about December 3, 2015, Plaintiff filed a SOX notice of wistleblower complaint against Defendant-Kidde with OSHA.

18. On or about December 7, 2015, Plaintiff filed charges of employment discrimination against Defendant-Kidde with the United States Equal Employment Opportunity Commission (hereinafter "*EEOC*").

19. On or about January 2016, Defendant-Kidde by and through Defendant-Seyfarth, provided OSHA with false information regarding the OSHA investigation into Defendant-Kidde violating SOX.

20. Title 18 U.S.C. § 1001 prohibits knowingly and willfully making false or fraudulent statements, or concealing information, in "any matter within the jurisdiction" of the federal government of the United States, even by mere denial. Whoever knowingly or willfully makes false or fraudumlent statements in "any matter within the jurisdiction" of the federal government of the United States can be fined and imprisoned for up to 5 years.

21. On or about August 1, 2016, Plaintiff filed a civil action in *Burrs v. Walter Kiddie Portable Equip., Inc.,* 2016 U.S. Dist. LEXIS 189784 (hereinafter "*Burrs v. Kidde-SOX*") in the United States District Court for the Middle District of North Carolina against

6

Defendant-Kidde pursuant to Section 806 of Title VIII, Corporate and Criminal Fraud Accountability Act known as the SOX Act of 2002, 18 U.S. Code § 1514.

22. On or about September 16, 2016, Plaintiff filed a civil action in *Burrs v. Walter Kidde Portable Equip., Inc.*, 2018 U.S. Dist. LEXIS 53851 (hereinafter *"Burrs v. Kidde-EEO"*) in the United States District Court for the Middle District of North Carolina against Defendant-Kidde pursuant to Title VII of the Civil Rights Act of 1964c as amended, 42 U.S. Code § 2000e et seq., and the Age Discrimination in Employment Act, 29 U.S.C. §621, et seq., the Americans with Disabilities Act, 42 U.S.C. §12101 et. seq.

23. On or about November 15, 2016, in response to a Motion submitted by Defendant-Kidde through counsel Defendant-Seyfarth and upon recommendation from Defendant-Auld, Defendant-Eagles by summary judgment, dismissed Plaintiff's civil action in *Burrs v. Kidde-SOX* without discovery as mandated by Rule 56c of the Federal Rules of Civil Procedure, well settled case law, and United States Supreme Court precedent[2] and in spite of irrefutable evidence of SOX violations engaged in by Defendant-Kidde, presented to Defendant-Eagles by the Plaintiff, subsequently using her official position as a United States District Court Judge to deprive the Plaintiff of his constitutionally protected right to Due Process.

---

[2] See *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), "Court of Appeals' position is inconsistent with the standard for summary judgment set forth in Rule 56(c), which provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pp. 322-326. Additionally, the Supreme Court clearly and unmistakably held that the "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery."

24. A person who deprives another person of rights can be fined and imprisoned under 18 U.S. Code § 242, Deprivation of rights.

25. If any two people oppress any right secured to him or her by the Constitution, can be fined and imprisoned for ten years under 18 U.S. Code § 241, Conspiracy against rights.

26. On or about May 1, 2017, the Office of former United States Congressman John Delany, submitted a letter to the United States Department of Justice (hereinafter "*DOJ*") on behalf of the Plaintiff regarding his complaint that Defendant-Seyfarth submitted false information on behalf of Defendant-Kidde to the Department of Labor during OSHA's SOX investigation.

27. On or about June 7, 2017, the DOJ alerted the Office of Congressman Delaney that Mr. Burrs should contact the Federal Bureau of Investigations (hereinafter "*FBI*") in Baltimore regarding his complaints. The DOJ also indicated the Plaintiff may wish to follow up with the SEC in Philadelphia, Pennsylvania since the Plaintiff's complaint indicated he had contacted the SEC.

28. On or about July 19, 2017, Plaintiff Burrs submitted a criminal complaint and request for investigation to the FBI field office in Baltimore, Maryland per instructions from the DOJ.

29. Upon and in concert with motion by Defendant-Kidde through Defendant-Seyfarth, Defendant-Eagles would dismiss all but one issue (racial retaliation) in *Burrs v. Kidde-EEO*, again by summary judgment and without discovery, and again using her

official position as a United States District Court Judge to deprive the Plaintiff of his constitutionally protected right to Due Process.

30. A person who deprives another person of rights can be fined and imprisoned under 18 U.S. Code § 242, Deprivation of rights.

31. If any two people oppress any right secured to him or her by the Constitution, can be fined and imprisoned for ten years under 18 U.S. Code § 241, Conspiracy against rights.

32. On or about November 27, 2017, Defendant-Seyfarth submitted on behalf of Defendant-Kidde a motion to dismiss Plaintiff Burrs' racial retaliation discrimination complaint.

33. On or about November 27, 2017, Defendant-Seyfarth knowingly and willfully submitted on behalf of Defendant-Kidde, perjurious testimony in *Burrs v. Kidde-EEO*.

34. On or about December 30, 2017, Plaintiff Burrs filed an opposition to Defendant-Kidde's motion to dismiss in *Burrs v. Kidde-EEO*. By a preponderance of the evidence Plaintiff Burrs estaablished a prima facie cased of retaliation based on race. Irrefutable evidence of Defendant-Kidde's perjurious testimony was submitted to the Court. Under the Clean Hands Doctrine a moving party in an action is not entitled to obtain relief when that party is acting unethically or in bad faith.

35. On February 26, 2018, in accordance with F.R.C.P.26(a)(3), Plaintiff submitted to the Court before Defendant-Eagles, the Plaintiff's Witness List in the one remaining action under the Civil Rights Act of 1964.

36. On March 10, 2018, in accordance with F.R.C.P.26(a)(3), Plaintiff submitted to the Court before Defendant-Eagles, the Plaintiff's trial exhibits list and forty-four exhibits totaling four hundred-thirty pages, in the one remaining action under the Civil Rights Act of 1964.

37. On March 12, 2018 the United States District Court for the Middle District of Greensboro received the Plaintiff's trial exhibits list and exhibits.

38. Suspiciously and in concert with a motion for summary judgment submitted by Defendant-Kidde by and through Defendant-Seyfarth on March 12, 2018, Defendant-Eagles facilitated perjurious affidavit testimony entered by Defendant-Kidde, and dismissed the Plaintiff's action in *Burrs v. Kidde-EEO* by text order and without an opinion. Defendant-Eagles once again used her official position as a United States District Court Judge to deprive the Plaintiff of his rights under the Seventh Amendment to the United States Constitution.

39. A person who deprives another person of rights can be fined and imprisoned under 18 U.S. Code § 242, Deprivation of rights.

40. If any two people oppress any right secured to him or her by the Constitution, can be fined and imprisoned for ten years under 18 U.S. Code § 241, Conspiracy against rights.

41. Defendant-Eagles would later provide an opinion in *Burrs v. Kidde-EEO* that subsequently was inconsistent with well settled case law and United States Supreme Court precedence.

42. On or about March 23, 2018, Plaintiff Burrs alerted FBI Special Agent Gordon in Baltimore of the circumstantial evidence implicating Defendant-Eagles in potential criminal activities in the proceedings involving Defendant-Kidde and Defendant-Seyfarth.

43. On or about April 24, 2018 FBI Supervisory Special Agent Domroe in Baltimore notified Plaintiff Burrs that since his complaint involved potential criminal activity by the judge [Defendant-Eagles] in North Carolina, he was forwarding the information to the FBI office with jurisdiction.

44. In June 2018, Plaintiff Burrs filed a third civil action pursuant to Civil Rights Act of 1866, 42 U.S.C §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"), against Defendant-Kidde and then parent company to both Defendant-Kidde and Defendant-Carrier, United Technologies Corporation.

45. On or about July 13, 2018, Plaintiff Burrs submitted a motion to transfer venue In the interest of Justice and the appearance of fair play in *Burrs v. UTC-Kidde* arguing venue cannot be properly laid in the Middle District of North Carolina, more specifically with Defendant-Eagles and Defendant-Auld due to their egregious behaviors in two previous actions the Plaintiff brought against Defendant-Kidde and then subject of an FBI investigation.

46. On or about September 14, 2018, Defendant-Seyfarth on behalf of Defendant-Kidde filed a motion to dismiss Plaintiff's complaint in *Burrs v UTC-Kidde*.

47. On or about October 1, 2018, Plaintiff Burrs filed by United States Postal Service mail, a first amended complaint in *Burrs v UTC-Kidde* with the Clerk of the United States District Court for the Middle District of North Carolina in Greensboro.

48. On or about October 9, 2018, Defendant-Eagles entered an Order regarding Plaintiff Burrs' first amended complaint.

49. On or about October 4, 2018, Plaintiff Burrs filed by United States Postal Service mail, his opposition to the motion to dismiss his complaint filed by Defendant-Seyfarth on behalf of Defendant-Kidde with the Clerk of the United States District Court for the Middle District of North Carolina in Greensboro.

50. On or about October 6, 2018, Defendant-Seyfarth received the copy of Plaintiff Burrs' opposition to the motion to dismiss it had filed on behalf of Defeant-Kidde.

51. On or about October 9, 2018, United States Postal Service tracking confirm, Plaintiff Burrs' opposition to Defendant-Kidde's motion to dismiss Plaintiff Burrs' complaint was delivered to the mail room of the United States District Court for the Middle District of North Carolina in Greensboro.

52. On or after October 9, 2018, Defendant-Doe, intercepted, interfered, with, and/or stole Plaintiff Burrs' opposition to Defendant-Kidde's motion to dismiss from inside the United States District for the Middle District of North Carolina building in Greensboro, preventing it from following normal court protocol to be docketed for the court record.

53. 18 U.S. Code § 1708 makes it a federal crime punishable with up to 5 years in prison for a person who steals, takes any letter, postal card, package, bag or mail, from any mail route.

12

54. On or about November 2, 2018, Defendant-Eagles entered an Order denying Plaintiff Burrs' motion to transfer venue in *Burrs v UTC-Kidde*.

55. On or about November 2, 2018, Defendant-Eagles entered the Judgment and Final Order in *Burrs v UTC-Kidde* erroneously contending Plaintiff Burrs had not responded to Defendant-Kidde's motion.

56. The egregious nature Defendant-Eagles Final Order by misrepresenting the record and falsely claiming her October 9, 2018 Order alerted Plaintiff Burrs that the Court had not received his response regarding Defendant-Kidde's motion to dismiss.

57. Defendant-Eagles expounds upon her fable falsely claiming her October 9, 2018 Order extended "the deadline for Mr. Burrs to respond to defendants' motion to dismiss until October 22, 2018.

58. Defendant-Eagles October 9, 2018 Order was regarding the Plaintiff's first amended complaint. Claims made in Defendant-Eagles November 2, 2018 Judgment and final order in *Burrs v UTC-Kidde* are clear works of fiction with the sole purpose of assisting Defendant-Doe in covering up for stealing Mr. Burrs' opposition to Defendant-Kidde's motion to dismiss.

59. 18 U.S. Code § 3 Accessory after the fact, makes it a federal crime punishable with up to 15 years in prison for knowingly assisting an offender avoid punishment for his offense.

60. Fraud upon the Court, is where a material misrepresentation has been made to the court, or by the court itself, including but no limited to Judicial fraud and

"unconscionable" schemes to deceive or make misrepresentations through the court system.

61. The scandalous behaviors of Defendant-Eagles and Defendant-Doe in concert with Defendant-Kidde and Defendant-Seyfarth in *Burrs v UTC-Kidde*, bring to light a fraud upon the court and the extent the co-conspirators went through to deprive Plaintiff Burrs of his rights to due process, the right of full and fair opportunity to litigate, and the right to trial by jury.

62. A person who deprives another person of rights can be fined and imprisoned under 18 U.S. Code § 242, Deprivation of rights.

63. If any two people oppress any right secured to him or her by the Constitution, can be fined and imprisoned for ten years under 18 U.S. Code § 241, Conspiracy against rights.

64. The malicious and hostile nature of Defendant-Seyfarth, Defendant-Kidde, and Defendant-Eagles and the intention to inflict emotional distress upon the Plaintiff, become fully manifest when Defendant-Eagles awards Defendant-Kidde more than $25,000.00 in sanctions for attorney fees for the fraud upon the court the co-conspirators participated in.

## FIRST CAUSE OF ACTION

VIOLATION OF 42 U.S.C. § 1983 DEPRIVATION OF CIVIL RIGHTS AND VIOLATION OF 42 U.S.C §1985 CONSPIRACY TO INTERFERE WITH RIGHTS IN *BURRS v. KIDDE-SOX*

65. The Fifth and Fourteenth Amendments to the U.S. Constitution unambiguously guarantee's every person due process of law in civil and criminal matters.

14

66. The Fourteenth Amendment explicitly prohibits depriving United States citizen's "of life, liberty, or property, without due process of law."

67. Between May 2014 and November 2015 Plaintiff was employed with Defendant-Kidde in Mebane, North Carolina. Defendant-Kidde hired the Plaintiff after conducting a national search for a unique resource matching the Plaintiff's information technology and business analysis background.

68. During his employment with Defendant-Kidde, the Plaintiff identified a multitude of application defects impacting Defendant-Kidde's daily business operations, significant avoidable financial loss, unreported fraud, and unreported application vulnerability to fraud as required by the SEC for publicly traded companies.

69. During Plaintiff's employment with Defendant-Kidde, he participated in protected activities under SOX.

70. Defendant-Kidde subjected the Plaintiff to a hostile work environment and extensive intentional emotional distress in retaliation to his participation in protected activities under SOX until his employment was conditionally discharged November 2015.

71. On or about December 3, 2015, Plaintiff filed a SOX notice of wistleblower complaint against Defendant-Kidde with OSHA.

72. On or about January 2016, Defendant-Kidde by and through Defendant-Seyfarth, provided OSHA with false information regarding the OSHA investigation into Defendant-Kidde violating SOX and Plaintiff Burrs' whistleblower protections under the SOX Act.

15

73. Title 18 U.S.C. § 1001 prohibits knowingly and willfully making false or fraudulent statements, or concealing information, in "any matter within the jurisdiction" of the federal government of the United States, even by mere denial.

74. On or about August 1, 2016, Plaintiff filed a civil action in the United States District Court for the Middle District of North Carolina against Defendant-Kidde pursuant to Section 806 of Title VIII, Corporate and Criminal Fraud Accountability Act known as the SOX Act of 2002, 18 U.S. Code § 1514.

75. Defendant-Auld and Defendant-Eagles knew or should have known that Defendant-Kidde had violated the SOX Act when Defendant-Kidde failed to publicly disclose to the SEC it had been defrauded by internal resources.

76. Defendant-Auld and Defendant-Eagles knew or should have known that Defendant-Kidde and Defendant-Seyfarth had violated Title 18 U.S.C. § 1001 by providing false information to federal authorities during the OSHA investigation into SOX violations.

77. Defendant-Auld and Defendant-Eagles knew or should have known that Defendant-Kidde subjected the Plaintiff to a hostile work environment and extensive intentional emotional distress in retaliation to his participation in protected activities under SOX until his employment was conditionally discharged November 2015.

78. Defendant-Auld and Defendant-Eagles knew or should have known that Plaintiff Burrs was entitle to discovery under Rule 56c of the Federal Rules of Civil Procedure in *Burrs v. Kidde-SOX*.

79. Defendant-Auld and Defendant-Eagles knew or should have known that by denying Plaintiff Burrs' to discovery deprived him of his constitutionally protected right to Due Process.

80. On or about November 15, 2016, Defendant-Auld and Defendant-Eagles in concert with and on behalf of Defendant-Kidde and Defendant-Seyfarth interfered with and deprived the Plaintiff of his constitutionally protected right to Due Process in *Burrs v. Kidde-SOX*.

81. A person who deprives another person of rights can be fined and imprisoned under 18 U.S. Code § 242, Deprivation of rights.

82. If any two people oppress any right secured to him or her by the Constitution, can be fined and imprisoned for ten years under 18 U.S. Code § 241, Conspiracy against rights.

83. In totality, a causal connection exists in the actions of Defendant-Auld and Defendant-Eagles, with the actions of Defendant-Kidde and Defendant-Seyfarth that interfered with and deprived the Plaintiff of his constitutionally protected right to Due Process in *Burrs v. Kidde-SOX*.

<u>SECOND CAUSE OF ACTION</u>

VIOLATION OF 42 U.S.C. § 1983 DEPRIVATION OF CIVIL RIGHTS AND
VIOLATION OF 42 U.S.C §1985 CONSPIRACY TO INTERFERE WITH RIGHTS IN
*BURRS v. KIDDE-EEO*

84. The Fifth and Fourteenth Amendments to the U.S. Constitution unambiguously guarantee's every person due process of law in civil and criminal matters.

17

85. The Fourteenth Amendment explicitly prohibits depriving United States citizen's "of life, liberty, or property, without due process of law."

86. Between May 2014 and November 2015 Plaintiff was employed with Defendant-Kidde in Mebane, North Carolina.

87. During Plaintiff's employment with Defendant-Kidde, he participated in protected activities under the Civil Rights Act of 1964.

88. Defendant-Kidde subjected the Plaintiff to a hostile work environment and extensive intentional emotional distress in retaliation to his participation in protected activities under the Civil Rights Act of 1964 until his employment was conditionally discharged November 2015.

89. On or about December 7, 2015, Plaintiff filed charges of employment discrimination against Defendant-Kidde with the EEOC.

90. On or about September 16, 2016, Plaintiff filed a civil action in the United States District Court for the Middle District of North Carolina against Defendant-Kidde pursuant to Title VII of the Civil Rights Act of 1964c as amended, 42 U.S. Code § 2000e et seq., and the Age Discrimination in Employment Act, 29 U.S.C. §621, et seq., the Americans with Disabilities Act, 42 U.S.C. §12101 et. seq.

91. In *Burrs v. Kidde-EEO*, on behalf of and in concert with Defendant-Kidde and Defendant-Seyfarth, Defendant-Eagles would dismiss all but one issue (racial retaliation) in the Plaintiff's complaints filed under the Civil Rights Act of 1964, again by summary judgment without discovery as mandated by federal the federal rules and U.S. Supreme

18

Court precedence, use her official position as a United States District Court Judge to deprive the Plaintiff of his constitutionally protected right to Due Process.

92. A person who deprives another person of rights can be fined and imprisoned under 18 U.S. Code § 242, Deprivation of rights.

93. In totality, a causal connection exists in the actions of Defendant-Eagles, with the actions of Defendant-Kidde and Defendant-Seyfarth that interfered with and deprived the Plaintiff of his constitutionally protected right to Due Process in *Burrs v. Kidde-EEO*.

94. If any two people oppress any right secured to him or her by the Constitution, can be fined and imprisoned for ten years under 18 U.S. Code § 241, Conspiracy against rights.

### THIRD CAUSE OF ACTION

VIOLATION OF 42 U.S.C. § 1983 DEPRIVATION OF CIVIL RIGHTS AND VIOLATION OF 42 U.S.C §1985 CONSPIRACY TO INTERFERE WITH RIGHTS IN *BURRS v. KIDDE-EEO*

95. On or about November 27, 2017, Defendant-Seyfarth submitted on behalf of Defendant-Kidde a motion to dismiss Plaintiff Burrs' racial retaliation discrimination complaint in *Burrs v. Kidde-EEO*.

96. On or about November 27, 2017, Defendant-Seyfarth knowingly and willfully submitted on behalf of Defendant-Kidde, perjurious testimony *Burrs v. Kidde-EEO*.

97. On or about December 30, 2017, Plaintiff Burrs filed an opposition to Defendant-Kidde's motion to dismiss his complaint in *Burrs v. Kidde-EEO*, establishing a prima facie cased of retaliation based on race by a preponderance of evidence.

98. On or about December 30, 2017, in *Burrs v. Kidde-EEO*, Plaintiff Burrs submitted irrefutable evidence Defendant-Seyfarth on behalf of Defendant-Kidde knowingly submitted perjurious testimony in its' motion to dismiss the Plaintiff's complaint.

99. Under the Clean Hands Doctrine a moving party in an action is not entitled to obtain relief from the Court when that party is acting unethically or in bad faith.

100. Defendant-Eagles knew or should have known that Defendant-Seyfarth knowingly entered perjurious testimony on behalf of Defendant-Kidde.

101. Defendant-Eagles knew or should have know that Defendant-Kidde was not entitled to relief from the Court based on the Clean Hands Doctrine.

102. On or about February 26, 2018, in accordance with F.R.C.P.26(a)(3), Mr. Burrs submitted the Plaintiff's Witness List in *Burrs v. Kidde-EEO*. Copies were provided to Defendant-Kidde through Defendant-Seyfarth by US Postal Service mail and electronic mail.

103. On or about March 10, 2018, in accordance with F.R.C.P.26(a)(3), Mr. Burrs submitted the Plaintiff's trial exhibits list and forty-four exhibits totaling four hundred-thirty pages, in *Burrs v. Kidde-EEO*. Copies were provided to Defendant-Kidde through Defendant-Seyfarth by US Postal Service mail and electronic mail.

104. On March 12, 2018 the United States District Court for the Middle District of Greensboro received the Plaintiff's trial exhibits list and exhibits in *Burrs v. Kidde-EEO*.

105.    On March 12, 2018, Defendant-Eagles facilitated perjurious affidavit testimony entered by Defendant-Seyfarth on behalf of Defendant-Kidde, and dismissed the Plaintiff's action in *Burrs v. Kidde-EEO* by text order and without an opinion.

106.    Defendant-Eagles used her official position as a United States District Court Judge to deprive the Plaintiff of his rights under the Seventh Amendment to the United States Constitution.

107.    A person who deprives another person of rights can be fined and imprisoned under 18 U.S. Code § 242, Deprivation of rights.

108.    In totality, a causal connection exists in the actions of Defendant-Eagles, with the actions of Defendant-Kidde and Defendant-Seyfarth that interfered with and deprived the Plaintiff of his constitutionally protected right to trial by jury in *Burrs v. Kidde-EEO*.

109.    If any two people oppress any right secured to him or her by the Constitution, can be fined and imprisoned for ten years under 18 U.S. Code § 241, Conspiracy against rights.

## FOURTH CAUSE OF ACTION

**FRAUD UPON THE COURT, VIOLATION OF 42 U.S.C. § 1983 DEPRIVATION OF CIVIL RIGHTS, VIOLATION OF 42 U.S.C §1985 CONSPIRACY TO INTERFERE WITH RIGHTS, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IN *BURRS v. UTC-KIDDE***

110.    In June 2018, Plaintiff Burrs filed a third civil action pursuant to Civil Rights Act of 1866, 42 U.S.C §1981, as amended by the Civil Rights Act of 1991

21

("Section 1981"), against Defendant-Kidde and then parent company to both Defendant-Kidde and Defendant-Carrier, United Technologies Corporation.

111.    On or about July 13, 2018, Plaintiff Burrs submitted a motion to transfer venue In the interest of Justice and the appearance of fair play in *Burrs v. UTC-Kidde* arguing venue cannot be properly laid in the Middle District of North Carolina, more specifically with Defendant-Eagles and Defendant-Auld due to their egregious behaviors in two previous actions the Plaintiff brought against Defendant-Kidde and then subject of an FBI investigation.

112.    On or about September 14, 2018, Defendant-Seyfarth on behalf of Defendant-Kidde filed a motion to dismiss Plaintiff's complaint in *Burrs v UTC-Kidde*.

113.    On or about October 1, 2018, Plaintiff Burrs filed by United States Postal Service mail, a first amended complaint in *Burrs v UTC-Kidde* with the Clerk of the United States District Court for the Middle District of North Carolina in Greensboro.

114.    On or about October 9, 2018, Defendant-Eagles entered an Order regarding Plaintiff Burrs' first amended complaint.

115.    On or about October 4, 2018, Plaintiff Burrs filed by United States Postal Service mail, his opposition to the motion to dismiss his complaint filed by Defendant-Seyfarth on behalf of Defendant-Kidde with the Clerk of the United States District Court for the Middle District of North Carolina in Greensboro.

116.    On or about October 6, 2018, Defendant-Seyfarth received the copy of Plaintiff Burrs' opposition to the motion to dismiss it had filed on behalf of Defeant-Kidde.

117.    On or about October 9, 2018, United States Postal Service tracking confirm, Plaintiff Burrs' opposition to Defendant-Kidde's motion to dismiss Plaintiff Burrs' complaint was delivered to the mail room of the United States District Court for the Middle District of North Carolina in Greensboro.

118.    On or after October 9, 2018, Defendant-Doe, intercepted, interfered, with, and/or stole Plaintiff Burrs' opposition to Defendant-Kidde's motion to dismiss from inside the United States District for the Middle District of North Carolina building in Greensboro, preventing it from following normal court protocol to be docketed for the court record.

119.    18 U.S. Code § 1708 makes it a federal crime punishable with up to 5 years in prison for a person who steals, takes any letter, postal card, package, bag or mail, from any mail route.

120.    On or about November 2, 2018, Defendant-Eagles entered an Order denying Plaintiff Burrs' motion to transfer venue in *Burrs v UTC-Kidde*.

121.    On or about November 2, 2018, Defendant-Eagles entered the Judgment and Final Order in *Burrs v UTC-Kidde* erroneously contending Plaintiff Burrs had not responded to Defendant-Kidde's motion.

122.    The egregious nature Defendant-Eagles Final Order by misrepresenting the record and falsely claiming her October 9, 2018 Order alerted Plaintiff Burrs that the Court had not received his response regarding Defendant-Kidde's motion to dismiss.

123. Defendant-Eagles expounds upon her fable falsely claiming her October 9, 2018 Order extended "the deadline for Mr. Burrs to respond to defendants' motion to dismiss until October 22, 2018.

124. Defendant-Eagles October 9, 2018 Order was regarding the Plaintiff's first amended complaint. Claims made in Defendant-Eagles November 2, 2018 Judgment and final order in *Burrs v UTC-Kidde* are clear works of fiction with the sole purpose of assisting Defendant-Doe in covering up for stealing Mr. Burrs' opposition to Defendant-Kidde's motion to dismiss.

125. 18 U.S. Code § 3 Accessory after the fact, makes it a federal crime punishable with up to 15 years in prison for knowingly assisting an offender avoid punishment for his offense.

126. Defendant-Eagles knew or should have known that misrepresenting official court records, more specifically her own Order from October 9, 2018 was an illegal act and indicative of a broader fraud upon the court.

127. 18 U.S. Code § 1519 makes it a federal crime punishable with up to twenty years in prison to conceal documents or tangible objects with the intent to impede or obstruct any matter within the jurisdiction of any department or agency of the United States.

128. 18 U.S. Code § 371 makes it a federal crime punishable with up to five years in prison if two or more persons conspire to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose.

24

129.   Fraud upon the Court, is where a material misrepresentation has been made to the court, or by the court itself, including but no limited to Judicial fraud and "unconscionable" schemes to deceive or make misrepresentations through the court system.

130.   The scandalous behaviors of Defendant-Eagles and Defendant-Doe in concert with Defendant-Kidde and Defendant-Seyfarth in *Burrs v UTC-Kidde*, bring to light a fraud upon the court and the extent the co-conspirators went through to deprive Plaintiff Burrs of his rights to due process, the right of full and fair opportunity to litigate, and the right to trial by jury.

131.   A person who deprives another person of rights can be fined and imprisoned under 18 U.S. Code § 242, Deprivation of rights.

132.   In totality, a causal connection exists in the actions of Defendant-Eagles, with the actions of Defendant-Kidde and Defendant-Seyfarth that interfered with and deprived the Plaintiff of his constitutionally protected right to trial by jury in *Burrs v. Kidde-EEO*.

133.   If any two people oppress any right secured to him or her by the Constitution, can be fined and imprisoned for ten years under 18 U.S. Code § 241, Conspiracy against rights.

134.   The willful, malicious and hostile nature of Defendant-Seyfarth, Defendant-Kidde, and Defendant-Eagles and the intention to inflict emotional distress upon the Plaintiff, become fully manifest when Defendant-Eagles awards Defendant-Kidde more

25

than $25,000.00 in sanctions for attorney fees for the fraud upon the court they each participated in.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

A. Declare the conduct engaged in by Defendants to be in violation of Plaintiff's civil rights.

B. Declare the Defendants conspired to interfere with Plaintiff's civil rights.

C. Vacate the judgments in *Burrs v. Kidde-SOX, Burrs v. Kidde-EEO* and *Burrs v. UTC-Kidde*.

D. Grant judgment to Plaintiff in the amount of $350,000,000.00 in compensatory damages, with pre- and post-judgment interest.

E. Grant judgment to Plaintiff in the amount of $25,000,000,000.00 for punitive damages, with pre- and post-judgment interest. Punitive damages must be significant to provide the proper motivation for corporate decision-makers and employees of the United States to eliminate cultures of corruption as exhibited by the Defendants.

F. Grant such further relief as the court deems necessary and proper in the public interest.

G. Grant Plaintiff any costs of this action, including reasonable attorney fees, expert witness fees, and litigation costs.

## JURY TRIAL DEMAND

26

Plaintiff requests a jury trial on all questions of fact raised in the Complaint.

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Respectfully submitted,

Dated: SEPT. 16, 2020

Jonathan R. Burrs
P.O. Box 134
Westover, MD 21871
321.272.0912
Jburrs1715@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLIONOIS

JONATHAN BURRS,

             Plaintiff, Pro Se

                 v.

SEYFARTH SHAW, LLP;
CARRIER GLOBAL CORPORATION;
WALTER KIDDE PORTABLE
EQUIPTMENTS, INC.;
CATHERINE C. EAGLES (individually
  and as U.S. District Court Judge for the
  Middle District of North Carolina);
LAWRENCE P. AULD (individually and
  as U.S. District Court Magistrate Judge)
  for the Middle District of North Carolina);
JOHN DOE.

             Defendants.

Civil Action No:

COMPLAINT

JURY TRIAL DEMAND

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing *COMPLAINT AND JURY TRIAL DEMAND* with the Clerk of the Court in person.

Respectfully submitted,

Dated: SEPT. 16, 2020

Jonathan R. Burrs
P.O. Box 134
Westover, MD 21871
321.272.0912
Jburrs1715@aol.com

ILND 44  (Rev. 06/16/17)                    CIVIL COVER SHEET

The ILND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(See instructions on next page of this form.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Jonathan R. Burrs | Seyfarth Shaw, LLP; Carrier Global Corp.; Walter Kidde Portable Equipment, Inc.; Catherine Eagles; Lawrence Auld; John Doe |

| (b) County of Residence of First Listed Plaintiff  Somerset County, MD | County of Residence of First Listed Defendant  Cook County, IL |
|---|---|
| *(Except in U.S. plaintiff cases)* | *(In U.S. plaintiff cases only)* |
| | Note: In land condemnation cases, use the location of the tract of land involved. |

| (c) Attorneys *(firm name, address, and telephone number)* | Attorneys *(if known)* |
|---|---|
| P.O. Box 134 Westover, MD 28171 | |

**II. BASIS OF JURISDICTION** *(Check one box, only.)*

☐ 1  U.S. Government Plaintiff

☑ 3  Federal Question *(U.S. Government not a party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity *(Indicate citizenship of parties in Item III.)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(For Diversity Cases Only.)*
*(Check one box, only for plaintiff and one box for defendant.)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business in This State | 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated *and* Principal Place of Business in Another State | 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Check one box, only.)*

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**TORTS**

*PERSONAL INJURY*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee – Conditions of Confinement

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent – Abbreviated New Drug Application
☐ 840 Trademark

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729 (a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**CIVIL RIGHTS**
☑ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition )
☐ 465 Other Immigrant Actions

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAXES**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**V. ORIGIN** *(Check one box, only.)*

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation
☐ 8 Multidistrict Litigation Direct File

**VI. CAUSE OF ACTION** (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

42 USC 1983, 42 USC 1985 - Deprivation/Interference Civil Rights

**VII. Previous Bankruptcy Matters** (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)

| VIII. REQUESTED IN COMPLAINT: | ☐ Check if this is a **class action** under Rule 23, F.R.CV.P. | DEMAND $ 25,350,000,000.00 | Check Yes only if demanded in complaint. JURY DEMAND: ☑ Yes  ☐ No |
|---|---|---|---|

| IX. RELATED CASE(S) IF ANY | *(See instructions)* | Judge | Docket Number 20-CV-936-MAB |
|---|---|---|---|

**X. This case** *(Check one box, only.)* ☐ is not a refiling of a previously dismissed action ☐ is a refiling of case number ☑ previously dismissed by Judge

Date _____   Signature of attorney of record _____